FILED
CLERK, U.S. DISTRICT COURT

02/02/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VICTOR MANUEL MARTINEZ,<br><br>　　　　Defendant. | ED CR No. 5:22-cr-00037-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about September 8, 2021, in Riverside County, within the Central District of California, defendant VICTOR MANUEL MARTINEZ knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. a Sturm, Ruger, & Company, Model P345 .45 AUTO (ACP) caliber semi-automatic pistol, bearing an obliterated serial number;
2. three rounds of Western Cartridge Company .45 AUTO caliber ammunition; and
3. two rounds of Federal .45 AUTO caliber ammunition.

Defendant MARTINEZ possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possess a Stolen Vehicle, in violation of California Penal Code Section 496d(a), in the Superior Court of the State of California, County of Riverside, case number INF10000790, on or about May 28, 2010;

2. Possess a Stolen Vehicle, in violation of California Penal Code Section 496d(a), in the Superior Court of the State of California, County of Riverside, case number INF10000860, on or about May 28, 2010;

3. Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number INF1100027, on or about August 24, 2011;

4. Possession of a Baton, in violation of California Penal Code Section 22210, in the Superior Court of the State of California, County of Riverside, case number INF1202466, on or about February 13, 2013;

5. Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377, in the Superior Court of the State of California, County of Riverside, case number INF1300315, on or about February 13, 2013;

6. Possession of a Controlled Substance While Armed with a Loaded Operable Firearm, in violation of California Health and Safety Code Section 11370.1, in the Superior Court of the State of

California, County of Riverside, case number INF1400052, on or about March 20, 2014;

    7.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number INF1400052, on or about March 20, 2014;

    8.   Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number INF1501585, on or about March 7, 2016;

    9.   Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Riverside, case number INF1501585, on or about March 7, 2016;

    10.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number INF1501585, on or about March 7, 2016;

    11.   Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number INF1600189, on or about March 7, 2016; and

    12.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number INF1600189, on or about March 7, 2016.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

///

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

TRACY L. WILKISON
United States Attorney



SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office